UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICOLE SALERNO,<br><br>          Plaintiff,<br><br>     v.<br><br>SELENE FINANCE et al.,<br><br>          Defendants. | Civ. No. 2:20-cv-15071 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.**

Plaintiff Nicole Salerno ("Plaintiff") brings this action against Defendants Selene Finance LP and Knuckles, Komosinski & Manfro, LLP (collectively, "Defendants") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, for bringing a foreclosure action against her home and selling the home at a sheriff's sale without naming her in the foreclosure action. This matter is before the Court upon Defendants' motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 9. The Court did not hear oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion is **DENIED**.

   **I.   BACKGROUND**[1]

Plaintiff, her husband Stephen C. Salerno ("Mr. Salerno"), and Mr. Salerno's mother, Mary Salerno, share a home in Edison, New Jersey, where they have lived together since 2003.[2] Compl. ¶¶ 24-27, ECF No. 1. The title to the home names Mr. Salerno and Mary Salerno as joint title holders, but does not name Plaintiff. *Id.* ¶ 23; Ex. B, Compl., ECF No. 1-3. In 2005, Mr. Salerno refinanced the mortgage on the home. Compl. ¶ 28,

---

[1] The Court draws all factual allegations from the Complaint and the documents incorporated therein. *See McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 526 (3d Cir. 2009). Additionally, the Court takes judicial notice of the underlying foreclosure action pending in the Superior Court of New Jersey, Middlesex County, captioned as *Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2015-13ATT v. Stephen C. Salerno et al.*, No. F-00437-19, (N.J. Super. Ct. Ch. Div. filed Mar. 5, 2019). *See Gage v. Warren Twp. Comm. & Planning Bd. Members*, 463 F. App'x 68, 71 (3d Cir. 2012) ("The District Court may take judicial notice of the record from a previous court proceeding between the parties.").

[2] The Court refers to Mary Salerno by her full name for the purpose of clarity and intends no disrespect.

ECF No. 1. Although he identified himself as married on the mortgage application, the lender did not require Plaintiff's name and signature on the mortgage note. *Id.* ¶¶ 29-31, ECF No. 1; Ex. D, Compl., ECF No. 1-5.

In 2011, Mr. Salerno defaulted on the loan. Compl. ¶ 33, ECF No. 1. Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2015-13ATT ("Wilmington Savings"), as the lender by assignment, initiated a foreclosure action in the Superior Court of New Jersey. Ex. G, Compl., ECF No. 1-8. Believing Mary Salerno to be Mr. Salerno's spouse, Wilmington Savings applied for and was granted a court Order reforming the mortgage to include Mary Salerno. Compl. ¶ 36, ECF No. 1; Ex. G, Compl., ECF No. 1-8. The foreclosure action eventually resulted in Mr. Salerno entering into a loan modification agreement with Defendant Selene Finance LP, the loan servicer for Wilmington Savings, in 2018. Compl. ¶ 37, ECF No. 1; Ex. H, Compl., ECF No. 1-9.

When Mr. Salerno again defaulted on the loan, Wilmington Savings filed a second foreclosure action against Mr. Salerno, Mary Salerno, and "Mrs. Stephen C. Salerno, spouse of Stephen C. Salerno" in the Superior Court through its attorneys, Defendant Knuckles, Komosinski & Manfro, LLP ("KKM"). Compl. ¶ 39, ECF No. 1; Ex. A., Compl., ECF No. 1-2. Believing Mary Salerno to be Mr. Salerno's spouse, Defendant KKM, on behalf of Wilmington Savings, voluntarily dismissed "Mrs. Stephen C. Salerno" from the foreclosure action. Ex. J, Compl., ECF No. 1-11. Consequently, Defendants never served Plaintiff with the notice of default, the notice of her rights to cure the default, the application to the Court for final judgment, or the notice of the sheriff's sale. Compl. ¶¶ 46-53, ECF No. 1. She was not named in the final judgment or the writ of execution. *Id.* ¶ 51. It was not until January of 2020 when sheriff's officers arrived at the home to evict her that Plaintiff became aware her house had been sold. *Id.* ¶ 54.

Plaintiff subsequently filed an Order to Show Cause with the Superior Court to set aside the sheriff's sale and vacate the final judgment based on Defendants' failure to name her as a party in the foreclosure action. *Id.* ¶ 56. After hearing oral argument, the court granted Plaintiff's motion, setting aside the sheriff's sale, vacating the final judgment, and vacating the writ of possession as to the third-party purchaser of her home. *See Wilmington Savings Fund Society v. Salerno*, No. F-00437-19, Apr. 29, 2020 Order, (N.J. Super. Ct. Ch. Div. filed Mar. 5, 2019). On December 18, 2020, Wilmington Savings filed an amended foreclosure complaint joining Plaintiff as a named defendant. *See id.* at Dec. 18, 2020 Am. Compl. Plaintiff has yet to respond to the amended complaint, but the foreclosure proceeding remains pending.

After the Superior Court vacated the final judgment, but two months before Wilmington Savings filed the amended foreclosure complaint, Plaintiff filed the Complaint in this matter on October 27, 2020, alleging Defendants' actions to foreclose on her home without naming her in the foreclosure or providing her notice violate the FDCPA.

Defendants now move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 9.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all well-pleaded allegations in the complaint as true, view them in the light most favorable to the plaintiff, and determine whether the plaintiff has pleaded sufficient factual matter to show that the claim is facially plausible. *See Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citations and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

## III. ANALYSIS

Defendants move to dismiss Plaintiff's Complaint on the grounds that her FDCPA claims are barred by New Jersey's entire controversy doctrine because she can raise them in the ongoing foreclosure proceeding.[3] Defs.' Br. at 11, ECF No. 9-1. The Court, however, finds the entire controversy doctrine inapplicable here for a more fundamental reason: the absence of a final state court judgment on the merits.

The entire controversy doctrine is "New Jersey's specific, and idiosyncratic, application of traditional *res judicata* principles." *Ricketti v. Barry*, 775 F.3d 611, 613 (3d Cir. 2015) (quoting *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir.1997)) (internal quotations omitted). Codified in New Jersey Court Rule 4:30A, it requires parties to raise all of their claims and defenses related to a legal controversy in a single action. *See Rodrigues v. Wells Fargo Bank, N.A.*, 751 Fed. App'x 312, 316 (3d Cir. 2018). The doctrine is an affirmative defense and applies in federal courts when there was a previous state court action involving the same transaction. *Ricketti*, 775 F.3d at 613 (internal citations and quotations omitted). This means that similar to the application of *res judicata*, application of the entire controversy doctrine requires that there be a final

---

[3] The Court declines to consider Defendants' argument raised for the first the time in their reply brief that Plaintiff lacks standing to pursue this action under the FDCPA because she is not a "consumer" as contemplated by the statute. *See* Defs.' Reply at 8-9, ECF No. 13; *D'Alessandro v. Bugler Tobacco Co.*, No. 05-5051 (JBS), 2007 WL 130798, at *2 (citing *International Raw Materials, Ltd. v. Stauffer Chem. Co.*, 978 F.2d 1318, 1327 n. 11 (3d Cir.1992) (refusing to consider an issue raised for the first time in a reply brief that the party should have raised in its initial moving brief).

state court judgment on the merits. *See Rycoline*, 109 F.3d at 889; *see also Rodrigues v. Unifund CCR, LLC*, 690 F. App'x 799, 801–02 (3d Cir. 2017).

In cases such as this one, where the underlying state foreclosure proceeding is ongoing and has not been adjudicated on the merits, Courts have found the doctrine inapplicable to bar the federal plaintiff's claims. *See, e.g., Lockhart v. U.S. Bank Nat'l Ass'n*, No. 16-4398 (MCA), 2017 WL 2709563, at *3 (D.N.J. June 22, 2017) (declining to apply the entire controversy doctrine while the underlying state foreclosure proceeding was still pending); *Gorodeski v. U.S. Bank Nat'l Ass'n*, No. 15-2271 (ES), 2016 WL 111422, at *3 (D.N.J. Jan. 11, 2016) (same); *Sheldrick v. Wells Fargo Bank, N.A.*, No. 15-5332 (AET), 2015 WL 5098180, at *3 (D.N.J. Aug. 31, 2015) (same); *DeHart v. U.S. Bank, N.A. ND*, 811 F. Supp. 2d 1038, 1045 (D.N.J. 2011) (declining to apply the entire controversy doctrine where the New Jersey chancery court had not yet entered final judgment in the underlying foreclosure action). This Court will follow suit. The entire controversy doctrine is an inappropriate basis on which to dismiss Plaintiff's Complaint where the underlying state foreclosure proceeding is pending.[4] Accordingly, the Court will deny Defendants' motion.

## IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is **DENIED**.

An appropriate Order accompanies this Opinion.

WILLIAM J. MARTINI, U.S.D.J.

**Date: March 16, 2021**

---

[4] While the Court declines to apply the entire controversy doctrine on this basis alone, it is worth noting that the unusual procedural posture of the foreclosure proceeding raises the question of whether it may even be characterized as a "previous state court action" when Plaintiff did not become a party to the foreclosure proceeding until December 18, 2020, almost two months after she filed the Complaint in this matter.